LOTTINGER, Judge.
This is an accident case involving a three car collision. The Trial Court ruled in favor of the defendant, and plaintiffs have appealed. This case was consolidated in the Trial Court with the case of H. G. Odom, et al v. Travelers Insurance Company, La.App., 215 So.2d 552, and both will be covered by this opinion.
The record points out that this accident occurred on December 14, 1965, at approximately 10:00 a. m. on U. S. Highway 190, west of the city limits of the City of Baton Rouge, and east of the Mississippi River bridge. At this point U. S. Highway 190 is a four lane, asphalt surfaced highway and at the scene where the collision occurred there is a cut in the center median allowing vehicles traveling in an easterly direction to make a left turn. At this point the center median is approximately two and one-half feet wide. At the approximate time of the accident, there was drizzling rain falling and the traffic was very steady. This accident involved a 1964 Oldsmobile owned by the Poplar Grove Plantation and Refining Company, Inc., which at the time was driven by Mrs. Ruth Wilkinson, and traveling in an easterly direction in the inside lane of U. S. Highway 190; a 1965 Plymouth being driven by William E. Mc-Clelland in a westerly direction in the inside lane; and a 1964 Ford pickup truck being driven by Mr. Holbert Greer Odom, in a westerly direction in the outside or right-hand lane. The Oldsmobile being driven by Mrs. Wilkinson was insured by the Travelers Insurance Company. The accident occurred when the Oldsmobile crossed over the neutral ground and collided with the oncoming Plymouth and Ford pickup truck. Riding with Mr. Holbert Greer Odom were Mr. O. W. Odom and L. Baker, all three being plaintiffs in each of these two suits.
*552 Mrs. Wilkinson testified that she was traveling at approximately forty miles per hour, and that as she approached the point of the accident a red car traveling to her right and slightly ahead of her without any warning proceeded to cut over into her lane, whereupon she immediately applied her brakes which caused her car to go into a skid, jump the neutral ground, and collide with the oncoming traffic. There was an eye witness standing near the highway who testified that he did see a red car to' the right of Mrs. Wilkinson, and which red car seemed to be very close to her car. There was further testimony that the Louisiana State Police Crime Laboratory found a smear of red paint on the right front fender of Mrs. Wilkinson’s automobile.
The Trial Judge concluded that there was a red car which attempted to crowd into the lane of travel which Mrs. Wilkinson was occupying, and that upon seeing this emergency, there was no negligence on the part of Mrs. Wilkinson in the manner in which she applied her brakes. The Trial Judge therefore concluded that the proximate cause of the accident was the red car pulling over into Mrs. Wilkinson’s lane of travel and creating an emergency. The Trial Judge therefore dismissed the suits which had been filed by all parties.
The plaintiffs contend that the Trial Judge was in error in finding that an emergency existed and in failing to find that Mrs. Wilkinson was guilty of independent negligence by slamming on her brakes. With this we cannot agree. There is no question but that a reddish color automobile was traveling to the right of the Wilkinson automobile, and was traveling sufficiently close to the Wilkinson automobile so as to lead Mrs. Wilkinson to believe that this red automobile was going to collide with her. The record does point out that it is questionable whether this red car ever completely entered the lane of travel of the Wilkinson car, but we are of the opinion, as was the Trial Judge that Mrs. Wilkinson was presented sufficiently with an emergency which caused her to immediately take this action. We further find no independent negligence on the part of Mrs. Wilkinson in the manner in which she applied her brakes. We feel that it is a normal reaction where someone is traveling down a highway at approximately forty miles per hour and sees another automobile about to collide with their automobile to immediately apply their brakes.
We do not feel that the Trial Judge was manifestly erroneous in his findings and, therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. Plaintiffs-Appellants to pay all costs of this appeal.
Judgment affirmed.